# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF LOUISIANA
# BATON ROUGE DIVISION

**TAYLOR GUNTER,** § **CIVIL ACTION NO:**
on behalf of herself and other individuals §
similarly situated § 3:20-cv-00346
§
*Plaintiff* §
v. §
§
**LOUISIANA STATE UNIVERSITY** §
**AND AGRICULTURAL AND** §
**MECHANICAL COLLEGE;** §
and other affiliated entities §
and individuals §
§
*Defendant* § **JURY TRIAL REQUESTED**

## CLASS ACTION COMPLAINT

Plaintiff, TAYLOR GUNTER, individually and on behalf of all others similarly situated, by her attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

## NATURE OF THE ACTION

1. This class action is brought on behalf of Ms. Gunter and those similarly situated who paid tuition and fees for the Spring 2020 semester at the Defendant, LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, hereinafter "LOUISIANA STATE UNIVERSITY." As a result of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19"), Plaintiff did not receive the benefit and services for which they bargained for when they provided payment for tuition and various fees.

LOUISIANA STATE UNIVERSITY's agent for service of process is LSU

Administration, 3810 West Lakeshore Drive, Baton Rouge, LA 70808.

2. Plaintiff and Defendant entered into a contract where Plaintiff would provide payment in the form of tuition and fees and Defendant would provide in-person educational services, experiences, opportunities, and other related services. Plaintiff provided such payment and honored her obligations under the agreement.

3. On or around March 16, 2020, Louisiana State University canceled all in-person educational services and activities but transitioned to online-only classes.

4. Based on these closures Defendant has failed to uphold its end of the contract to provide in-person educational services and other related collegiate experiences and services.

5. Despite Defendant's failure to provide the services and experiences as bargained for, Defendant has not offered any refund of the tuition and fees that Plaintiff and the Class had paid.

## FACTS

6. Plaintiff and Class Members are individuals that paid tuition and fees for the Spring Semester 2020 at Louisiana State University.

7. Defendant accepted Plaintiff's and Class Members' payments in exchange for educational services, experiences, and opportunities as detailed in Defendant's marketing, advertisements, and other public representations.

8. Based on the academic schedule, the Spring 2020 semester at Louisiana State University commenced on or around January 13, 2020, and was scheduled to conclude on or around May 9, 2020.

9. Ms. Gunter was a full-time student during the spring 2020 semester. Louisiana State University charged Plaintiff Gunter $6,683.35 for the Spring 2020 semester. Additionally, Plaintiff

paid a total of approximately $10,066 inclusive of tuition and other various fees for the Spring 2020 semester.

10. Plaintiff paid tuition and fees for in-person educational services, experiences, opportunities, and other related collegiate services for the entire period beginning in or around January 2020 through mid-May 2020.

11. According to publicly available information, the average tuition cost for in-state resident for the Spring 2020 semester at Louisiana State University is approximately $4,014.55. Students also pay approximately $1,966.45 in related costs and fees, not including room and board. The average tuition cost for out-of-state residents for the Spring 2020 semester at Louisiana State University is approximately $4,014.55. Students also pay approximately $10,300.45 in related costs and fees, not including room and board. The average tuition and fee cost for an in-state graduate student for the Spring 2020 semester is $4,736.55 in tuition and $1,968.45 in mandatory fees. The average tuition cost for out-of-state residents for the Spring 2020 semester at The Louisiana State University is approximately $4,736.55. Students also pay approximately $10,440.45 in related costs and fees, not including room and board.

12. On or around March 12, 2020, Louisiana State University announced the because of COVID-19 they would suspend all in-person classes and activities for the remainder of the Spring Semester 2020 and that all learning would transition to online.

13. Defendant's were unable to provide in-person educational experiences, services, and opportunities for approximately 50% of the Spring 2020 semester.

14. Prior to the suspension of in-person classes and services for the Spring 2020 semester, Plaintiff attended on campus events and was involved in student activities and clubs.

15. As a result of Defendant's closures and cancellations, Defendant has not complied with its obligation to provide in-person educational services, experiences, and opportunities along with other services Plaintiff and the Class paid for.

16. Plaintiff and the Class members did not enter into an agreement with Defendant for online education, but rather sought to receive in-person education from Defendant.

17. Therefore, Plaintiff and the Class are entitled to a pro-rata refund of the tuition and fees they paid to Defendant for in-person educational services as well as other marketed collegiate services and experiences that were not provided during the Spring 2020.

**JURISDICTION AND VENUE**

18. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(d)(2)(A), because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

19. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant operates its academic institution in this District.

**PARTIES**

21. Plaintiff. Taylor Gunter. is a student and a resident of the State of Louisiana. Plaintiff Gunter was enrolled as a full-time student at the Louisiana State University during the Spring 2020 Semester. Plaintiff has not received a refund tuition and fees paid to Defendant, despite the fact that the University has been shut down since on or about March 12, 2020.

22. Defendant Louisiana State University is a constitutional entity established under Article 8, § 7 of the Louisiana Constitution, which is granted the authority and responsibility to "supervise and manage the institutions, statewide agricultural programs, and other programs administered through its systems." Louisiana State University is located in Baton Rouge, Louisiana.

## CLASS ALLEGATIONS

23. Plaintiff brings this matter on behalf of herself and those similarly situated. As detailed in this Complaint, Defendant failed to provide the in-person educational services, experiences, and opportunities the Plaintiff and her fellow students paid tuition and fees to receive during the Spring Semester 2020.

24. The Class is defined as all individuals who paid tuition and fees to Louisiana State University to receive in-person educational services and experiences during the Spring Semester 2020. ("Class").

25. Plaintiff and the Class were impacted by and damaged by Defendant's misconduct.

26. Accordingly, this action is ideally situated for class-wide resolution.

27. The Class should be certified under FRCP 23(a) and 23(b)(3) because the Class satisfies the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

28. **Numerosity:** Class Members are so numerous that joinder of all members is impracticable. There are thousands of individuals who are Class Members who have been damaged by Defendant's actions.

29. **Commonality:** The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not

limited to:

    a.    Whether Defendant accepted money from Plaintiff and Class Members in exchange for a promise to provide services;

    b.    Whether Defendant provided those services as bargained for;

    c.    Whether Plaintiff and the Class Members are entitled to a pro-rata portion of the tuition and fees paid for services that were not provided;

    d.    Whether Defendant was unjustly enriched; and

    e.    Whether Defendant converted money from the Plaintiff and Class Members.

30.    **Typicality:** Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was subject to Defendant's breach of contract, unjust enrichment and conversion. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

31.    **Adequacy:** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class Members she seeks to represent; her claims are common to all members of the Class and she has a strong interest in vindicating her rights; and she has retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and her counsel. Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

32.    **Predominance:** The common issues identified above predominate over any individual issues because no inquiry into individual conduct is necessary; all that is required is a narrow focus

on Defendant's conduct and practices.

33. **Superiority:** A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

    a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

    b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive-if not totally impossible-to justify individual actions;

    c. When Defendant's liability has been adjudicated, all Class Members' claims can be administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

    d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

    e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

    f. This class action will assure uniformity of decisions among Class Members;

    g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

    h. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action; and

    i. It would be desirable to concentrate in this single venue the litigation of all Class members who were damaged by Defendant's practices.

34. Accordingly, this Class is properly brought and should be maintained as a class action.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(On Behalf of Plaintiff and All Class Members)**

35. Plaintiff, on behalf of herself and other members of the Class, brings a claim for Breach of Contract.

36. By accepting payment from Plaintiff and Class Members, Defendant entered into contractual arrangements with Plaintiff and Class Members to provide educational services, experiences, opportunities, and related services for the Spring Semester 2020.

37. Plaintiff's and Class Members' payments of tuition and fees were intended to cover in-person education, experiences, and services from January through May 2020.

38. Defendant received and retained the benefits without providing those benefits to Plaintiff and Class Members.

39. As a direct and proximate result of Defendant's breach of contract, Plaintiff and Class Members have been harmed by not receiving the educational experience and services they paid for during the Spring Semester 2020.

40. Defendant is required to perform under the contract and COVID-19 does not excuse such performance. Defendant should be required to return pro-rata shares of the tuition and fees paid by Plaintiff and Class Members that related to services that were not provided after Louisiana State University shut down on or around March 16, 2020.

**SECOND CAUSE OF ACTION**
**CONVERSION**
**(On Behalf of Plaintiff and All Class Members)**

41. Plaintiff, on behalf of herself and other members of the Class, brings a claim for Conversion.

42. Plaintiff and Class Members have an ownership right to the in-person educational services based on their payment of tuition and fees for the Spring Semester 2020.

43. Defendant intentionally interfered with Plaintiff's and the Class Members' ownership right when it canceled in-person instructions for the remainder of the Spring Semester 2020.

44. Plaintiff and the Class Members were damaged by Defendant's interference because they paid for educational experience and services for the entirety of the Spring Semester 2020 that were not provided.

45. Plaintiff and the Class Members are entitled to a pro-rata share of the tuition and fees they paid for but were not provided resulting from Defendant's interference.

### THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT
### (On Behalf of Plaintiff and All Class Members in the Alternative)

46. Plaintiff, on behalf of herself and other members of the class, brings a claim for unjust enrichment.

47. Plaintiff and Class Members conferred financial benefits and paid substantial tuition and fees to Defendant for educational and related services for the Spring Semester 2020. These tuition and fee payments where intended to cover in-person education throughout the entire Spring Semester 2020 of January through May 2020.

48. Defendant accepted the obligation to provide such services, experiences, and opportunities when it accepted payment.

49. Defendant retained these payments, despite failing to provide the bargained-for educational experiences and services which the tuition and fees were collected to cover. Defendant should be required to return a pro-rated share of any Spring Semester 2020 tuition and fees since

Louisiana State University shut down on or around March 30, 2020.

50. Under principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiff's and Class Members' overpayments.

51. Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

### DEMAND FOR JURY

52. Plaintiff demands a trial by jury on all issues.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under FRCP 23;

(b) Awarding monetary damages, including compensatory, statutory and punitive damages;

(c) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including a reasonable allowance of attorney's fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(d) Granting such other and further relief as the Court may deem just and proper.

Dated: June 2, 2020

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
rick@rickdaltonlaw.com
Tel. (985) 778-2215

THE SULTZER LAW GROUP, P.C.
Jason P. Sultzer, Esq.
Adam Gonnelli, Esq.
Jeremy Francis, Esq.
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Telephone: (854) 705-9460
sultzerj@thesultzerlawgroup.com
agonnelli@thesultzerlawgroup.com
jfrancise@thesultzerlawgroup.com

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown, Esq.
Michael A. Tompkins, Esq.
Brett R. Cohen, Esq.
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrownl@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

COUNSEL FOR PLAINTIFF AND THE CLASS