## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TAYLOR GUNTER,**                                          **CIVIL ACTION NO.**
**ON BEHALF OF HERSELF AND**
**OTHER INDIVIDUALS**
**SIMILARLY SITUATED**

                                                        **20-346-BAJ-EWD**

**VERSUS**

**LOUISIANA STATE UNIVERSITY**
**AND AGRICULTURAL AND**
**MECHANICAL COLLEGE, ET AL.**

## NOTICE AND ORDER

On June 5, 2020, Plaintiff Taylor Gunter ("Plaintiff") filed a Complaint in this Court asserting

a class action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), on her own

behalf and on behalf of all those similarly situated who paid tuition and fees for the Spring 2020

semester, against Defendant Louisiana State University and Agricultural and Mechanical College

("LSU").[1]  Plaintiff alleges she was a full-time LSU student in the Spring 2020 semester and entered

into a contract with LSU, wherein Plaintiff agreed to pay tuition and fees to LSU, and LSU agreed to

provide in-person educational services, *etc.* to Plaintiff.[2]  Plaintiff asserts that LSU breached this

contract when it cancelled all in-person educational services and activities for the remainder of that

semester in response to the COVID-19 pandemic.[3]  As a result of such cancellation, Plaintiff contends

that she was denied "the benefit and services for which they (sic) bargained for when they provided

payment for tuition and various fees.[4]  Plaintiff thus seeks a *pro rata* refund of the tuition and fees

Plaintiff paid to LSU for the portion of the semester for which no in-person educational services and

---

[1] R. Doc. 1, ¶¶ 1, 18.
[2] R. Doc. 1, ¶¶ 2, 6, 9.
[3] R. Doc. 1, ¶¶ 3-4, 12, 15 *and see id.* at ¶¶ 35-40.  Plaintiff also asserts state law claims for conversion, *id.* at ¶¶ 41-45, and unjust enrichment, *id.* at ¶¶ 46-51.
[4] R. Doc. 1, ¶¶ 1.

activities were provided.[5]  However, as explained below, the Complaint is deficient in its allegations

regarding Plaintiff's citizenship, and fails to adequately plead minimal diversity to establish the

Court's jurisdiction under CAFA.

28 U.S.C.A. § 1332(d)(2) provides, in pertinent part:

> The district courts shall have original jurisdiction of any civil action
> in which the matter in controversy exceeds the sum or value of
> $5,000,000, exclusive of interest and costs, and is a class action in
> which--
> (A) any member of a class of plaintiffs is a citizen of a State different
> from any defendant;….

Furthermore, 28 U.S.C. § 1332(d)(5) provides: "Paragraphs (2) through (4) shall not apply to any

class action in which-- (B) the number of members of all proposed plaintiff classes in the aggregate

is less than 100."  CAFA thus provides for jurisdiction over class actions where only "minimal"

diversity exists between the parties, (*i.e.,* at least one plaintiff and one defendant are from different

states), the amount in controversy exceeds five million dollars, exclusive of interest and costs, and

there are at least 100 proposed plaintiff class members.[6]  Accordingly, proper information regarding

the citizenship of the parties, the amount in controversy, and the number of proposed class plaintiffs

is necessary to establish the Court's diversity jurisdiction under CAFA.  The Complaint alleges that

"the aggregate amount in controversy exceeds $5,000,000 exclusive of interest in costs," which

appears to meet CAFA jurisdictional threshold, and further alleges that "there are more than 100

members of the Class," which appears to meet CAFA's class size requirement.[7]

With respect to CAFA's minimal diversity requirement, Plaintiff alleges that LSU "is a

constitutional entity established under Article 8, § 7 of the Louisiana Constitution, which is granted

the authority and responsibility to 'supervise and manage the institutions, statewide agricultural

---

[5] R. Doc. 1, ¶ 17.
[6] *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 84–85, 135 S. Ct. 547, 552, 190 L. Ed. 2d 495 (2014)
"CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100
members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. § 1332(d)(2), (5)(B); see
*Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588/592 133 S.Ct. 1345, 1348, 185 L.Ed.2d 439 (2013)."
[7] R. Doc. 1, ¶ 18 *and see id.* at ¶¶ 9, 11.

programs, and other programs administered through its systems.' Louisiana State University is located in Baton Rouge, Louisiana."[8]  Moreover, this Court has previously taken judicial notice that the Board of Supervisors of LSU is a citizen of Louisiana.[9]  However, while the Complaint alleges that "at least one member of the Class, as defined below, is a citizen of a different state than [LSU],"[10] the Complaint fails to identify the alleged "different state" and fails to plead the citizenship of a class member(s) who is diverse from LSU.  Plaintiff's own citizenship is unclear, as Plaintiff is alleged to be "a resident of the State of Louisiana."[11]  Allegations of residency are not sufficient to adequately allege the citizenship of an individual; rather, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[12]  Accordingly, to properly plead Plaintiff's citizenship, Plaintiff must plead Plaintiff's domicile. However, if Plaintiff ultimately pleads that she is a Louisiana domiciliary, minimal diversity will still not be sufficiently alleged.[13]  In order to establish minimal diversity under CAFA, Plaintiff must allege the citizenship of at least one putative class member who is diverse from LSU.[14]

The Court *sua sponte* raises the issue of whether it may exercise jurisdiction under CAFA in this matter, specifically, whether the minimal diversity requirement is met.[15]

---

[8] R. Doc. 1, ¶ 22.

[9] *See Hinson v. Belcher,* 736 F.Supp. 711, n. 1  (May 11, 1990) ("[T]he court will take judicial notice of the fact that the defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College is a citizen of Louisiana.")

[10] R. Doc. 1, ¶ 18.

[11] R. Doc. 1, ¶ 21.

[12] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

[13] The Complaint does not allege any claims that would give rise to jurisdiction under 28 U.S.C. § 1331.

[14] *See, e.g., Benson v. Fannie May Confections Brands, Inc.,* 944 F.3d 639, 645 (7th Cir. 2019) ("At the outset, there was some question whether diversity jurisdiction existed pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), because the complaint identified Fannie May as an Illinois corporation and the named plaintiffs as Illinois citizens, and alleged only that at least one (unidentified) class member was a citizen of a state other than Illinois. As the district court recognized, the latter allegation was insufficient. But another filing then revealed that Fannie May is a Delaware corporation. The amount in controversy exceeds $5,000,000, and so CAFA supports jurisdiction.")

[15] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS ORDERED** that, **on or before June 26, 2020**, Plaintiff Taylor Gunter shall file an

Amended Complaint that contains all of Plaintiff's numbered allegations, as revised, supplemented,

and/or amended, without reference to any other document in the record, that adequately alleges her

own citizenship, and that adequately alleges the citizenship of at least one proposed class member

who is diverse from Defendant Louisiana State University and Agricultural and Mechanical College.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on June 16, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**